UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALFONSO MARTINEZ,

    Petitioner,                                   Case No. 2:08-CV-10229

v.                                              HON. VICTORIA A. ROBERTS
                                                UNITED STATES DISTRICT COURT

JAN TROMBLEY,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE SEALED MOTIONS FOR DISCOVERY**

Petitioner Alfonso Martinez, both *pro se* and through his attorneys, Penny R. Beardslee and Bradley Hall, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for first-degree murder premeditated murder, M.C.L.A. 750.316. Petitioner filed two sealed motions for discovery. For the reasons stated below, the motions are **DENIED.**

In his first motion for discovery [Dkt. # 26], Petitioner requests the production of one or more recorded telephone conversations from the Saginaw Correctional Facility, which took place between himself and his son Alfonso Martinez, Jr. in November or December of 2008. Petitioner also requests this Court to order the production of Alfonso Martinez, Jr.'s mental health records. Petitioner claims that all of this evidence would support his claim that counsel was ineffective for failing to consult an independent mental health professional to explain why his son's testimony might be unreliable, to review the records and notes of Alfonso Jr.'s therapist, and to perform an independent review of

1

Petitioner's son if necessary. In his second motion for discovery, Petitioner requests this Court to order the production of the telephone records for prosecution witness Abraham Rosales, claiming that this evidence would support his claim that counsel was ineffective for failing to introduce at trial a phone study report of Mr. Rosales' phone records, to impeach Rosales' testimony that Petitioner called him on October 9, 2001 and admitted to killing his wife.

Habeas petitioners have no right to automatic discovery. *Stanford v. Parker*, 266 F. 3d 442, 460 (6th Cir. 2001). A district court has the discretion, under Rule 6 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, to grant discovery to a petitioner in a habeas case upon a fact specific showing of good cause. *Id.* A federal district court may permit discovery in a habeas case if the petitioner presents specific allegations which give the court reason to believe that the facts, if fully developed, may lead the district court to believe that federal habeas relief is appropriate. *See Johnson v. Mitchell,* 585 F.3d 923, 934 (6th Cir. 2009); *See also Lott v. Coyle,* 261 F.3d 594, 602 (6th Cir. 2001). However, Rule 6 of the Habeas Rules does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Williams v. Bagley*, 380 F. 3d 932, 974 (6th Cir. 2004)(internal quotation omitted). A habeas petitioner's conclusory allegations are insufficient to warrant discovery under Rule 6. *Id.* Instead, the petitioner must set forth specific allegations of fact. *Id.*

Petitioner has failed to show, at least for now, that he is entitled to discovery of this information. Petitioner says the custodial telephone records from Saginaw

Correctional Facility concerning the telephone call from his son, "may include evidence" of what his son would have told an independent psychologist at the time of trial and/or what his son would have explained on cross-examination, had counsel asked the appropriate questions. Petitioner also says that the telephone call "may provide Counsel for Petitioner with a means to develop additional relevant evidence through witness interviews." Because Petitioner does not allege or argue that this telephone conversation definitely contains exculpatory information, he is not entitled to discovery, because his conclusory allegations are nothing more than a "fishing expedition." *Williams*, 380 F. 3d at 974.

Petitioner is also not entitled to production of his son's mental health records, because they are protected by the psychologist-patient privilege. The Supreme Court held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Jaffee v. Redmond*, 518 U.S. 1, 15, (1996). The Supreme Court noted that all 50 States and the District of Columbia have "enacted into law some form of psychotherapist privilege." *Id.* at 12. The Supreme Court rejected a "balancing component ... [m]aking the promise of confidentiality contingent upon a trial judge's later evaluation of the relative importance of the patient's interest in privacy and the evidentiary need for disclosure." *Id.* at 17. Because Alfonso Martinez Jr.'s mental health records are protected by the psychologist-patient privilege, Petitioner is not entitled to discovery of them. *See Newton v. Kemna,* 354 F. 3d 776, 783-85

(8th Cir. 2004).

The Court also denies Petitioner's request for the discovery of Mr. Rosales' telephone records. Defense counsel had copies of Mr. Rosales' telephone records at trial and specifically asked Mr. Rosales whether he would be shocked to know Petitioner's call to him did not appear on his telephone log. Petitioner's counsel also obtained an admission from Detective Timothy Fink that the phone records did not reveal an incoming telephone call to Rosales from the "412" telephone number that Petitioner allegedly called from, or that there were any telephone calls of 15-20 minutes, as Rosales had testified.

Petitioner is not entitled to discovery of Mr. Rosales' telephone records; Petitioner failed to show that the requested discovery could resolve any factual disputes that could entitle him to relief on his ineffective assistance of counsel claim. *Williams,* 380 F. 3d at 975. Petitioner is also not entitled to discovery of these records, because they are cumulative of the evidence presented at trial. *Id.* at pp. 976-77.

The Court **DENIES** the sealed motions for discovery [Dkts. # 26, 34].

S/Victoria A. Roberts
Victoria A. Roberts
Dated: September 8, 2010     United States District Judge

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 8, 2010.

s/Carol A. Pinegar
Deputy Clerk