**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALFONSO MARTINEZ,

      Petitioner,

v.

                                 CASE NO. 2:08-CV-10229
                                 HONORABLE VICTORIA A. ROBERTS
                                 UNITED STATES DISTRICT JUDGE

DEBRA SCUTT, Warden,

      Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S COMBINED MOTION FOR**
**RELIEF FROM JUDGMENT AND RECONSIDERATION [dkt. # 49] AND DENYING**
**CERTIFICATE OF APPEALABILITY**

On March 29, 2011, the Court issued its Opinion and Order denying Petitioner's application

for a writ of habeas corpus and denied a certificate of appealability.  Presently before the Court is

Petitioner's combined motion for relief from judgment and reconsideration.

Local Rule 7.1 (h) allows a party to file a motion for reconsideration. U.S. DIST.CT. RULES,

E.D. MICH. 7.1.  A motion for reconsideration should be granted if the movant demonstrates a

palpable defect by which the court and the parties have been misled and that a different disposition

of the case must result from a correction thereof. *See Michigan Regional Council of Carpenters v.*

*Holcroft L.L.C.*, 195 F. Supp. 2d 908, 911 (E.D. Mich. 2002).

Federal Rule of Civil Procedure 60(b) permits a federal court to relieve a party from a final

judgment for certain specified reasons and for "any other reason that justifies relief." FED. R. CIV.

P. 60(b)(6).  The rule applies to habeas corpus proceedings, but a movant seeking relief under Rule

60(b)(6) is required "to show 'extraordinary circumstances' justifying the reopening of a final

judgment.  Such circumstances will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (internal citations omitted).

Petitioner's motion asserts that the Court's in camera review of three-hours of phone calls that he identified as likely containing the conversation with his son was inadequate.  He argues that the Court should review an additional ten-hours of phone calls and insists that there is a call with his son that reveals that "his son's testimony was coached."  Petitioner's motion fails for two reasons: (1) assuming Petitioner's son recanted his trial testimony, the petition would still be denied because his substantive claims are without merit; and (2) such a recantation would not satisfy the standard for establishing actual innocence.

First, the evidence offered by Petitioner to substantiate his actual innocence claim is relevant in this action only insomuch as at is can establish that a fundamental miscarriage of justice resulted from a denial of his substantive claims based on a  procedural default.  *See  Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).   Free-standing claims of actual innocence are not cognizable in a habeas action.  S*ee Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Cress v. Palmer*, 484 F.3d 844, 854-55 (6th Cir. 2007).   While the Court found some of Petitioner's claims to be subject to procedural default, it also reached and denied Petitioner's defaulted claims on the merits.   Therefore, assuming further review of the phone calls revealed a recantation by Petitioner's son, it would not alter the outcome of this case because Petitioner's defaulted claims are also without merit.

Next, the existence of such a phone call would not meet the standard for demonstrating actual innocence.  The standard requires Petitioner to demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo,* 513 U.S. 298, 321, 327 (1995).  The recantation of a child witness, possibly procured by the coercion

2

of his imprisoned father, does not meet this standard. *See, e.g.*, *U.S. v. Coker*, 23 F. App'x 411, 412 (6th Cir. 2001) (the skepticism with which a court examines such an affidavit is only heightened when the recanting witness is a family member and the witness may have feelings of guilt). It would not be unreasonable for a juror to conclude that Petitioner manipulated or otherwise convinced his young son to recant his testimony.

Petitioner had not shown extraordinary circumstances justifying the reopening of his case or the existence of a palpable defect by which the court and the parties have been misled. Petitioner's motion is therefore denied.

The Court also denies petitioner a certificate of appealability. A habeas petitioner is required to obtain a certificate of appealability before he can appeal the denial of a 60(b) motion for relief from judgment which seeks to challenge the judgment in a habeas case. *See United States v. Hardin*, 481 F. 3d 924, 926 (6th Cir. 2007). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. For the reasons stated above and in the Court's opinion denying the petition, Petitioner has not satisfied this standard.

**ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 10, 2011

3

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 10, 2011.

s/Carol A. Pinegar
Deputy Clerk

4